UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VERTIGO ARTOGRAPHY, LTD.          :
                                   :
          Plaintiff,               :
                                   :
vs.                                :          CIVIL ACTION # 3:24-cv-120-BN     | Deleted: _____ |
                                   :
CHAMPAGNE COWGIRL, LLC,           :
LYNSEY STACKS-WERNER, AND          :
MICHAEL WERNER                     :
                                   :
          Defendants               :
_____  :

### PLAINTIFF'S FIRST AMENDED COMPLAINT          | Deleted: ORIGINAL |

Plaintiff, Vertigo Artography, LTD, by and through its undersigned attorneys, respectfully alleges as follows for its complaint against Defendants Champagne Cowgirl, LLC, Lynsey Stacks-Werner, and Michael Werner.

### PARTIES

1.      Plaintiff Vertigo Artography, LTD ("Plaintiff" or "Vertigo") is a foreign for-profit company based in in New Zealand.

2.      Defendant Champagne Cowgirl, LLC. ("Defendant" or "Champagne Cowgirl, LLC") is a Texas for-profit corporation believed to be based in Dallas, Texas, and upon information and belief may be served through its registered United States Corporation Agents, Inc. at 9900 Spectrum Dr., Austin, Texas 78717, or wherever they may be found.

3.      Defendant Lynsey Stacks-Werner ("Defendant" or "Stacks-Werner") is an individual believed to be living in Dallas, Texas, and upon information and belief may be served at her residence at 9330 Lookout Point Apartment 225, Dallas, Texas 75231.

4.      Defendant Michael Werner ("Defendant" or "Werner") is an individual believed to be living in Dallas, Texas, and upon information and belief may be served at her residence at 9330 Lookout Point Apartment 225, Dallas, Texas 75231.

## NATURE OF THE CLAIMS

5.      This is an action for copyright infringement and violations of the Digital Millenium Copyright Act ("DMCA"), arising in connection with the unauthorized commercial exploitation of one of Plaintiff's photographs on Defendants' Instagram and Facebook page.

## JURISDICTION AND VENUE

6.      This action arises under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

7.      This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendant may be found in this District.

## CONDITIONS PRECEDENT

8.      All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

9.      Plaintiff Vertigo Artography is an award-winning creative art company based in Christchurch, New Zealand. Vertigo's artistic collages utilize mixed media, photography, and vintage imagery. Vertigo Artography has been featured in Fisheye Magazine, Frankie Magazine, and Parkbench.

10.     Champagne Cowgirl, LLC, is a fashion clothing company headquartered in Dallas, Texas and their collections are advertised as being hand-picked and styled to dress women in any season of life. According to records maintained by the Texas Secretary of State, Lynsey Stacks-Werner and Michael Werner are the managing members of Champagne Cowgirl, LLC.

11.     Vertigo Artography is the sole author and creator of the photo at issue in this action (the "Photo"), a copy of which is set forth below.



12.     The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA 2-298-440, effective March 22, 2022. ("**Exhibit 1**").

13.    In an apparent effort to burnish Champagne Cowgirl, LLC's branding, Defendants coopted the Photo—using it on their Facebook and Instagram accounts to promote their launch as shown below—without any authorization or license to do so.





14.     In addition to using the Photo without authorization, Defendants intentionally omitted so-called copyright management information ("CMI") pertaining to the Photo, thereby causing the spread of inauthentic copies of the Photo across the Internet and compounding Vertigo Artography's injuries. According to Defendants, they obtained the photograph through Pinterest which would have returned important CMI related to the Photo, including the name of the author and owner of the work, and a link to Pinterest's Terms of Service which strictly limited Defendant's use of the Photo to the Pinterest platform itself.

**Deleted:** failed to provide attribution

15.     On October 13, 2023, Vertigo Artography placed Defendants on notice of their unauthorized use of the Photo and followed-up several times in a good faith effort to resolve their claims for copyright infringement. Although Defendants eventually removed the Photo from their marketing materials, they otherwise ignored Vertigo Artography, thereby compelling it to bring this suit.

## COUNT 1: COPYRIGHT INFRINGEMENT

16.     Vertigo Artography realleges and incorporates herein the foregoing paragraphs.

17.     By their actions alleged above, Defendants Champagne Cowgirl, LLC, Lynsey Stacks-Werner, and Michael Werner have infringed Vertigo Artography's copyrights in the Photo. Specifically, by copying, displaying distributing and otherwise exploiting the Photo on their website, Defendants have infringed Vertigo Artography's exclusive rights set forth in 17 U.S.C. § 106.

18.     In addition, and/or in the alternative, upon information and belief, Defendants Lynsey Stacks-Werner and Michael Werner are jointly and severally liable for any direct copyright infringement committed by Defendant Champagne Cowgirl, LLC because they participated in the acts of infringement and/or because they were the dominant influence in the company and

determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex. Border Mgmt.*, 11 F. Supp. 3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

19.     Defendants' actions constituted willful infringement of Vertigo Artography's copyrights inasmuch as they knew, or had reason to know, that their use of Plaintiff's Work was unauthorized; and/or because they acted with reckless disregard of Plaintiff's copyrights.

20.     As a result of the foregoing, Plaintiff is entitled to actual damages, plus Defendants profits; and/or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court.

## COUNT 2: VICARIOUS INFRINGEMENT

21.     Vertigo Artography realleges and incorporates herein the foregoing paragraphs.

22.     In addition to, and/or in the alternative to direct infringement, Defendant Champagne Cowgirl, LLC, Lynsey Stacks-Werner and Michael Werner (as Managing Members of Champagne Cowgirl, LLC) are jointly and severally liable for vicarious infringement because they had the right and ability to supervise the infringing activities of their agents, contractors, and representatives (including the person or persons who placed the Photos in Champagne Cowgirl LLC's marketing materials), and the practical ability to stop the infringement (by prohibiting the use of the Photos and/or removing the Photos), and because they had a direct financial interest in the infringing activities of their agents, contractors, and representatives by virtue of the business generated through the unlicensed use of the Photos (which Defendants used to illustrate their services and induce visitors to use their services),[1] and the saved costs of licensing fees (had the

---

[1] *See, e.g., Playboy Enters., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1177 (N.D. Tex. 1997) (finding that the plaintiff's photographs acted as a draw for customers by enhancing "the attractiveness of [defendant's] website to potential customers").

Photos been properly licensed from Plaintiff). *See, e.g., Playboy Enters., Inc. v. Webbworld Inc.*, 991 F. Supp. 543, 553 (N.D. Tex 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

23.    Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their use and display of the Photos required prior authorization and/or because they acted with reckless disregard of Plaintiff's copyrights; and/or because they exhibited willful blindness to the possibility that they were infringing Plaintiff's copyrights.

24.    As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 3: DMCA VIOLATION

1.    Vertigo Artography realleges and incorporates herein the foregoing paragraphs.

2.    Upon information and belief, Defendants have violated Section 1202 of the Digital Millennium Copyright Act by omitting Vertigo's so-called copyright management information ("CMI"), including the identification of the author and owner of the Photo, and a link to Pinterest's Terms of Service strictly limiting use of the Photo to the Pinterest platform. Courts recognize that the omission of CMI is a serious violation of copyright because it deprives the copyright owner of professional recognition and makes it easier for other potential infringers to compound that injury. *See Reilly v. Plot Commerce*, No. 15-CV-05118 (PAE)(BCM), 2016 U.S. Dist. LEXIS 152154, at *21-22 (S.D.N.Y. Oct. 31, 2016), quoting Russel W. Jacobs, *Copyright Fruad in the Internet Age*, 13 Colum. Sci. & Tech. L. Rev. 97, 147 (Feb. 15, 2012) (section 1202 of the DMCA protects against a copyright owner's "rights of integrity and attribution," which in turn protect against the

"widespread dispersion of inauthentic copies"). Upon information and belief, Defendants' actions were committed knowingly, and with the intent to induce, enable, facilitate, and/or conceal infringement, including Defendants' own infringement of the Photo, by eliminating any reference to the copyright owner and limited terms of use.

3.    In addition, and/or in the alternative, upon information and belief, Defendants Lynsey Stacks-Werner and Michael Werner are jointly and severally liable for any of Defendant Champagne Chanel, LLC's violations of the DMCA because they participated in the violations and/or because they were the dominant influence in the company and determined the policies that resulted in the violation. *Broad. Music, Inc. v. Tex. Border Mgmt.*, 11 Supp. 3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

4.    As a result of the foregoing, Plaintiff is entitled to actual damages plus Defendants' profits; or in the alternative, statutory damages for each violation in an amount no less than $2,500 and no more than $25,000, plus costs and attorney's fees. 17 U.S.C. § 1203(b)(4-5) & (c).

**PRAYER**

Plaintiff prays for:

A.    An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the photographs at issue;

B.    For each work infringed, an award of actual damages and/or statutory damages under 17 USC § 504(c);

C.    For each violation of the Digital Millennium Copyright Act, an award of statutory damages under 17 U.S.C. § 1203(c);

D.    An award to Plaintiff of their reasonable costs and attorney's fees under 17 U.S.C.
§§ 505 and 1203(b)(4) & (5);

E.    Prejudgment and post-judgment interest on any damage award as permitted by law;
and

F.    Such other and further relief as the Court may deem just, proper and/or necessary
under the circumstances.

Respectfully submitted,

**AMINI & CONANT, LLP**
1204 San Antonio Street, Second Floor
Austin, Texas 78701
t: (512) 222-6883
f: (512) 900-7967
service@aminiconant.com


By: /s/ R. Buck McKinney
    R. Buck McKinney
    Texas Bar No. 00784572
    buck@aminiconant.com

And

James E. Key
Texas Bar # 24012958
**HARRIS, FINLEY & BOGLE, P.C.**
777 Main Street, Suite 3600
Fort Worth, Texas 76102
Telephone: (817) 870-8735
Fax: (817) 333-1182
*jkey@hfblaw.com*

*Attorneys for Plaintiff*

Certificate of Registration





This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-298-440

**Effective Date of Registration:**
March 22, 2022
**Registration Decision Date:**
May 06, 2022

## Title
─────────────────────────────────────

**Title of Work:** These Boots - Glitter Pink

## Completion/Publication
─────────────────────────────────────

**Year of Completion:** 2016
**Date of 1st Publication:** April 07, 2016
**Nation of 1st Publication:** United States

## Author
─────────────────────────────────────

- **Author:** Vertigo Artography Limited
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Citizen of:** New Zealand
  **Domiciled in:** New Zealand

## Copyright Claimant
─────────────────────────────────────

**Copyright Claimant:** Vertigo Artography Limited
25 Millstream Drive, Lincoln, Christchurch, 7608, New Zealand

## Rights and Permissions
─────────────────────────────────────

**Organization Name:** Vertigo Artography Limited
**Name:** Mohanad Alshuraideh
**Email:** vertigo.artography@gmail.com
**Telephone:** +642108810316
**Address:** 25 Millstream Drive
Lincoln
Christchurch 7608 New Zealand

# Exhibit 2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| VERTIGO ARTOGRAPHY, LTD. : | |
| : | |
| **Plaintiff,** : | |
| vs. : | |
| : | **CIVIL ACTION # 3:24-cv-120-BN** |
| CHAMPAGNE COWGIRL, LLC, : | |
| LYNSEY STACKS-WERNER, AND : | |
| MICHAEL WERNER : | |
| : | |
| **Defendants** : | |
| _____ : | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Vertigo Artography, LTD, by and through its undersigned attorneys, respectfully alleges as follows for its complaint against Defendants Champagne Cowgirl, LLC, Lynsey Stacks-Werner, and Michael Werner.

## PARTIES

1.    Plaintiff Vertigo Artography, LTD ("Plaintiff" or "Vertigo") is a foreign for-profit company based in in New Zealand.

2.    Defendant Champagne Cowgirl, LLC. ("Defendant" or "Champagne Cowgirl, LLC") is a Texas for-profit corporation believed to be based in Dallas, Texas, and upon information and belief may be served through its registered United States Corporation Agents, Inc. at 9900 Spectrum Dr., Austin, Texas 78717, or wherever they may be found.

3.    Defendant Lynsey Stacks-Werner ("Defendant" or "Stacks-Werner") is an individual believed to be living in Dallas, Texas, and upon information and belief may be served at her residence at 9330 Lookout Point Apartment 225, Dallas, Texas 75231.

4.      Defendant Michael Werner ("Defendant" or "Werner") is an individual believed to be living in Dallas, Texas, and upon information and belief may be served at her residence at 9330 Lookout Point Apartment 225, Dallas, Texas 75231.

## NATURE OF THE CLAIMS

5.      This is an action for copyright infringement and violations of the Digital Millenium Copyright Act ("DMCA"), arising in connection with the unauthorized commercial exploitation of one of Plaintiff's photographs on Defendants' Instagram and Facebook page.

## JURISDICTION AND VENUE

6.      This action arises under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

7.      This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendant may be found in this District.

## CONDITIONS PRECEDENT

8.      All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

9.      Plaintiff Vertigo Artography is an award-winning creative art company based in Christchurch, New Zealand. Vertigo's artistic collages utilize mixed media, photography, and vintage imagery. Vertigo Artography has been featured in Fisheye Magazine, Frankie Magazine, and Parkbench.

10.    Champagne Cowgirl, LLC, is a fashion clothing company headquartered in Dallas, Texas and their collections are advertised as being hand-picked and styled to dress women in any season of life. According to records maintained by the Texas Secretary of State, Lynsey Stacks-Werner and Michael Werner are the managing members of Champagne Cowgirl, LLC.

11.    Vertigo Artography is the sole author and creator of the photo at issue in this action (the "Photo"), a copy of which is set forth below.



12.    The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA 2-298-440, effective March 22, 2022. ("**Exhibit 1**").

13.     In an apparent effort to burnish Champagne Cowgirl, LLC's branding, Defendants coopted the Photo—using it on their Facebook and Instagram accounts to promote their launch as shown below—without any authorization or license to do so.





14.    In addition to using the Photo without authorization, Defendants intentionally omitted so-called copyright management information ("CMI") pertaining to the Photo, thereby causing the spread of inauthentic copies of the Photo across the Internet and compounding Vertigo Artography's injuries. According to Defendants, they obtained the photograph through Pinterest which would have returned important CMI related to the Photo, including the name of the author and owner of the work, and a link to Pinterest's Terms of Service which strictly limited Defendant's use of the Photo to the Pinterest platform itself.

15.    On October 13, 2023, Vertigo Artography placed Defendants on notice of their unauthorized use of the Photo and followed-up several times in a good faith effort to resolve their claims for copyright infringement. Although Defendants eventually removed the Photo from their marketing materials, they otherwise ignored Vertigo Artography, thereby compelling it to bring this suit.

## COUNT 1: COPYRIGHT INFRINGEMENT

16.    Vertigo Artography realleges and incorporates herein the foregoing paragraphs.

17.    By their actions alleged above, Defendants Champagne Cowgirl, LLC, Lynsey Stacks-Werner, and Michael Werner have infringed Vertigo Artography's copyrights in the Photo. Specifically, by copying, displaying distributing and otherwise exploiting the Photo on their website, Defendants have infringed Vertigo Artography's exclusive rights set forth in 17 U.S.C. § 106.

18.    In addition, and/or in the alternative, upon information and belief, Defendants Lynsey Stacks-Werner and Michael Werner are jointly and severally liable for any direct copyright infringement committed by Defendant Champagne Cowgirl, LLC because they participated in the acts of infringement and/or because they were the dominant influence in the company and

determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex. Border Mgmt.*, 11 F. Supp. 3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

19.     Defendants' actions constituted willful infringement of Vertigo Artography's copyrights inasmuch as they knew, or had reason to know, that their use of Plaintiff's Work was unauthorized; and/or because they acted with reckless disregard of Plaintiff's copyrights.

20.     As a result of the foregoing, Plaintiff is entitled to actual damages, plus Defendants profits; and/or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court.

## COUNT 2: VICARIOUS INFRINGEMENT

21.     Vertigo Artography realleges and incorporates herein the foregoing paragraphs.

22.     In addition to, and/or in the alternative to direct infringement, Defendant Champagne Cowgirl, LLC, Lynsey Stacks-Werner and Michael Werner (as Managing Members of Champagne Cowgirl, LLC) are jointly and severally liable for vicarious infringement because they had the right and ability to supervise the infringing activities of their agents, contractors, and representatives (including the person or persons who placed the Photos in Champagne Cowgirl LLC's marketing materials), and the practical ability to stop the infringement (by prohibiting the use of the Photos and/or removing the Photos), and because they had a direct financial interest in the infringing activities of their agents, contractors, and representatives by virtue of the business generated through the unlicensed use of the Photos (which Defendants used to illustrate their services and induce visitors to use their services),[1] and the saved costs of licensing fees (had the

---

[1] *See, e.g., Playboy Enters., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1177 (N.D. Tex. 1997) (finding that the plaintiff's photographs acted as a draw for customers by enhancing "the attractiveness of [defendant's] website to potential customers").

Photos been properly licensed from Plaintiff). *See, e.g., Playboy Enters., Inc. v. Webbworld Inc.*, 991 F. Supp. 543, 553 (N.D. Tex 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

23.    Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their use and display of the Photos required prior authorization and/or because they acted with reckless disregard of Plaintiff's copyrights; and/or because they exhibited willful blindness to the possibility that they were infringing Plaintiff's copyrights.

24.    As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 3: DMCA VIOLATION

1.    Vertigo Artography realleges and incorporates herein the foregoing paragraphs.

2.    Upon information and belief, Defendants have violated Section 1202 of the Digital Millennium Copyright Act by omitting Vertigo's so-called copyright management information ("CMI"), including the identification of the author and owner of the Photo, and a link to Pinterest's Terms of Service strictly limiting use of the Photo to the Pinterest platform. Courts recognize that the omission of CMI is a serious violation of copyright because it deprives the copyright owner of professional recognition and makes it easier for other potential infringers to compound that injury. *See Reilly v. Plot Commerce*, No. 15-CV-05118 (PAE)(BCM), 2016 U.S. Dist. LEXIS 152154, at *21-22 (S.D.N.Y. Oct. 31, 2016), quoting Russel W. Jacobs, *Copyright Fruad in the Internet Age*, 13 Colum. Sci. & Tech. L. Rev. 97, 147 (Feb. 15, 2012) (section 1202 of the DMCA protects against a copyright owner's "rights of integrity and attribution," which in turn protect against the

"widespread dispersion of inauthentic copies"). Upon information and belief, Defendants' actions were committed knowingly, and with the intent to induce, enable, facilitate, and/or conceal infringement, including Defendants' own infringement of the Photo, by eliminating any reference to the copyright owner and limited terms of use.

3.     In addition, and/or in the alternative, upon information and belief, Defendants Lynsey Stacks-Werner and Michael Werner are jointly and severally liable for any of Defendant Champagne Chanel, LLC's violations of the DMCA because they participated in the violations and/or because they were the dominant influence in the company and determined the policies that resulted in the violation. *Broad. Music, Inc. v. Tex. Border Mgmt.*, 11 Supp. 3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

4.     As a result of the foregoing, Plaintiff is entitled to actual damages plus Defendants' profits; or in the alternative, statutory damages for each violation in an amount no less than $2,500 and no more than $25,000, plus costs and attorney's fees. 17 U.S.C. § 1203(b)(4-5) & (c).

## PRAYER

Plaintiff prays for:

A.     An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the photographs at issue;

B.     For each work infringed, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C.     For each violation of the Digital Millennium Copyright Act, an award of statutory damages under 17 U.S.C. § 1203(c);

D.      An award to Plaintiff of their reasonable costs and attorney's fees under 17 U.S.C.

§§ 505 and 1203(b)(4) & (5);

E.      Prejudgment and post-judgment interest on any damage award as permitted by law;

and

F.      Such other and further relief as the Court may deem just, proper and/or necessary

under the circumstances.

Respectfully submitted,

**AMINI & CONANT, LLP**
1204 San Antonio Street, Second Floor
Austin, Texas 78701
t: (512) 222-6883
f: (512) 900-7967
service@aminiconant.com


By: /s/ R. Buck McKinney
      R. Buck McKinney
      Texas Bar No. 00784572
      buck@aminiconant.com

      And

      James E. Key
      Texas Bar # 24012958
      **HARRIS, FINLEY & BOGLE, P.C.**
      777 Main Street, Suite 3600
      Fort Worth, Texas 76102
      Telephone: (817) 870-8735
      Fax: (817) 333-1182
      *jkey@hfblaw.com*

      *Attorneys for Plaintiff*

Certificate of Registration







This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**VA 2-298-440**

**Effective Date of Registration:**
March 22, 2022
**Registration Decision Date:**
May 06, 2022

---

## Title

**Title of Work:** These Boots - Glitter Pink

## Completion/Publication

**Year of Completion:** 2016
**Date of 1st Publication:** April 07, 2016
**Nation of 1st Publication:** United States

## Author

- **Author:** Vertigo Artography Limited
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Citizen of:** New Zealand
  **Domiciled in:** New Zealand

## Copyright Claimant

**Copyright Claimant:** Vertigo Artography Limited
25 Millstream Drive, Lincoln, Christchurch, 7608, New Zealand

## Rights and Permissions

**Organization Name:** Vertigo Artography Limited
**Name:** Mohanad Alshuraideh
**Email:** vertigo.artography@gmail.com
**Telephone:** +642108810316
**Address:** 25 Millstream Drive
Lincoln
Christchurch 7608 New Zealand

Page 1 of 2