IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERTIGO ARTOGRAPHY, LTD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-120-BN |
| | § | |
| CHAMPAGNE COWGIRL, LLC, | § | |
| LYNSEY STACKS-WERNER, and | § | |
| MICHAEL WERNER, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING LEAVE TO FILE
OUT-OF-TIME ANSWER TO FIRST AMENDED COMPLAINT**

In this lawsuit proceeding for all purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 13, the Court set July 5, 2024 as the deadline to move for leave to amend pleadings, *see* Dkt. No. 18, ¶ 2 (explaining that, under Federal Rule of Civil Procedure 15(a), "[t]he Court generally will grant a timely-filed motion for leave to amend as a matter of course absent a showing of undue prejudice or futility" but that, under Federal Rule of Civil Procedure 16(b)(4), "[n]o amendments will be allowed after this deadline except on a showing of good cause").

On March 25, 2024, the Court granted Plaintiff Vertigo Artography, LTD's March 21, 2024 unopposed motion for leave to file its first amended complaint, and the Clerk docketed the now-operative complaint. *See* Dkt. Nos. 20-22.

And, so, under Rule 15(a), Defendants Champagne Cowgirl, LLC, Lynsey Stacks-Werner, and Michael Werner should have answered that complaint by April 8, 2024. *See* FED. R. CIV. P. 15(a)(3) ("Unless the court orders otherwise, any required

response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

But they did not. They instead filed an answer – without first seeking leave to file it out of time – on August 8, 2024, *see* Dkt. No. 25, and then moved for leave to file a late answer on August 26, 2024, *see* Dkt. No. 26 (citing FED. R. CIV. P. 6(b)(1)(B)).

Vertigo timely responded, opposing the motion for leave. *See* Dkt. No. 27; N.D. TEX. L. CIV. R. 7.1(e). It then moved without opposition to amend or correct its response, a motion that the Court granted. *See* Dkt. Nos. 28-30.

Defendants then elected not to file a reply, and the deadline to do so has expired. *See* N.D. TEX. L. CIV. R. 7.1(f).

The Court DENIES Defendants' motion for leave for the reasons explained below.

## Discussion

Defendants move under Rule 6(b)(1)(B), explaining that they failed to timely answer not because of bad faith but that

> [t]he reason for the delay is that Defendants' counsel inadvertently forgot to file Defendants' Answer to Plaintiff's First Amended Complaint. Defendants' counsel was in a weeklong trial in Denton County at the end of February 2024 and was out of the country from March 8-15, 2024. When Plaintiff filed their First Amended Complaint on March 25, 2024, Defendants' counsel was still in the process of catching up on work that accumulated during Defendants' counsel's trial and vacation. Defendants' counsel was reviewing documents and evidence provided by Plaintiff's counsel as well as engaging in settlement discussions throughout the months of April and May 2024. Additionally, during the months of May and June 2024, Defendants' counsel's family was in the process of moving residences, and the

burdens of moving likely caused Defendants' counsel to not catch his mistake sooner.

Dkt. No. 26, ¶ 17 (cleaned up).

And, while neither side urges the Court to apply Rule 15(a) alone, Vertigo's amended response invokes both Rules 6(b)(1)(B) and 16(b)(4). *See generally* Dkt. No. 30.

Rule 16(b)(4)'s good cause standard applies to requests to amend a deadline imposed by the Court under Rule 16(b) and therefore "governs [requests to amend] pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

This "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up; quoting *S&W Enters.*, 315 F.3d at 535).

"Failure to meet that threshold" through a sufficient explanation is reason alone to deny a Rule 16(b)(4) motion. *Id.* That is, "merely proffering *an* explanation is not enough. Rather, that explanation has to be 'adequate,' and an 'adequate' explanation is something more than 'inadvertence.'" *Id.* at 372 (emphasis in original; quoting *S&W Enters.*, 315 F.3d at 536). And, so, inadvertence alone "is tantamount to no explanation at all." *S&W Enters.*, 315 F.3d at 536.

And, if Rule 16(b)(4) governed Defendants' motion, its denial would be required because all Defendants have offered as good cause is the inadvertence of their counsel.

But, to the extent that Defendants do not seek to amend a court-imposed deadline but "failed to timely file [an] answer in response to the live amended complaint, it appears that Rule 6(b)(1)(B), rather than Rule 16(b)(4), provides the applicable standard." *Williams v. Santander Consumer USA Holdings Inc.*, No. 3:21-cv-3176-D-BH, 2022 WL 3081765, at *2 (N.D. Tex. Aug. 2, 2022). That is because the Court's scheduling order does not provide a deadline for responding to an amended complaint, and, so, "[t]he deadline for responding to an amended complaint is established by Rule 15(a)(3), which provides that '[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.'" *Id.* (quoting FED. R. CIV. P. 15(a)(3)). And Rule 6(b)(1)(B) "governs requests to modify most deadlines in civil proceedings, while [Rule] 16(b)(4) specifically governs requests to modify scheduling orders." *Alizadeh v. BP Expl. & Prod., Inc.*, No. CV 22-3159, 2023 WL 5120800, at *1 (E.D. La. July 13, 2023).

Rule 6(b)(1)(B) requires a showing of "excusable neglect" to extend an expired deadline.

And the determination as to excusable neglect

is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include the

> danger of prejudice, the length of the delay and its potential impact on
> judicial proceedings, the reason for the delay, including whether it was
> within the reasonable control of the movant, and whether the movant
> acted in good faith.

*Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (cleaned up;

quoting *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998)

(quoting, in turn, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S.

380, 395 (1993))).

"Excusable neglect is intended and has proven to be quite elastic in its

application." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-cv-1728-

D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (citation omitted).

But "[i]nadvertence, ignorance of the rules, or mistakes construing the rules

do not usually constitute 'excusable' neglect." *N.L.R.B. v. Tri-Cnty. Elec. Coop., Inc.*,

No. 21-60887, 2023 WL 5040960, at *2 (5th Cir. Aug. 8, 2023) (per curiam) (quoting

*Pioneer*, 507 U.S. at 392); *see also L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th

521, 525 (5th Cir. 2021) ("Our court has held that, in most cases, an attorney's simple

misunderstanding of the Federal Rules 'weighs heavily against a finding of excusable

neglect.'" (quoting *Williams*, 161 F.3d at 880)).

And, although the decision to grant relief under Rule 6(b)(1)(B) turns on the

equities, where (1) such a motion is grounded solely on counsel's inadvertence, a

reason solely within the control of the movant, *see Nelson*, 17 F.4th at 525 ("[I]n

determining whether a party's failure to meet a deadline was excusable, the proper

focus is upon whether the neglect of the party and their counsel was excusable."

(cleaned up)), and (2) the length of the delay is multiple months, not a few days or

even a week or two, the Court cannot find that the neglect is legally excusable, *cf. Williams*, 2022 WL 3081765, at *3 n.7 (granting the motion under Rule 6(b)(1)(B) but noting that it would reach the same result under Rule 16(b)(4)).

## Conclusion

The Court DENIES Defendants Champagne Cowgirl, LLC, Lynsey Stacks-Werner, and Michael Werner's motion for leave to file answer to Plaintiff Vertigo Artography, LTD's first amended complaint [Dkt. No. 26].

SO ORDERED.

DATED: November 4, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE