IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VERTIGO ARTOGRAPHY, LTD,       §
                               §
          Plaintiff,           §
                               §
V.                             §       No. 3:24-cv-120-BN
                               §
CHAMPAGNE COWGIRL, LLC,        §
LYNSEY STACKS-WERNER, and      §
MICHAEL WERNER,                §
                               §
          Defendants.          §

## MEMORANDUM OPINION AND ORDER

In this lawsuit, proceeding before the undersigned United States magistrate judge for all purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 13, and scheduled for a bench trial on May 13, 2025, *see* Dkt. No. 47, three motions are pending:

- Plaintiff Vertigo Artography, LTD's motion for sanctions for spoliation of evidence [Dkt. No. 34];

- Vertigo's motion for summary judgment as to its claims of copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA"), which Vertigo asserts, if granted in full, will leave only the determination of damages for trial, *see* Dkt. Nos. 43-45; and

- Vertigo's motion for leave to appear at trial via videoconference [Dkt. No. 57]; *see also* Dkt. Nos. 39-42, 46, 48-50, 52-56, 58, & 59 (related filings).

The Court DENIES WITHOUT PREJUDICE the summary judgment motion and the sanctions motion and DENIES the motion for leave.

**Discussion**

**I.    The Court denies without prejudice Vertigo's motions for summary judgment and sanctions.**

On March 25, 2024, the Court granted Vertigo's March 21, 2024 unopposed motion for leave to file its first amended complaint, and the Clerk docketed this now-operative complaint. *See* Dkt. Nos. 20-22.

Through this amendment, Vertigo added to its claims for copyright infringement and vicarious infringement a claim under the DMCA.

Defendants should have answered the amended complaint by April 8, 2024. *See* FED. R. CIV. P. 15(a)(3). They did not. They instead filed an answer – without first seeking leave to file it out of time – on August 8, 2024, *see* Dkt. No. 25, and then moved for leave to file a late answer on August 26, 2024, *see* Dkt. No. 26 (citing FED. R. CIV. P. 6(b)(1)(B)).

After Vertigo responded to the motion for leave and Defendants elected not to file a reply, the Court denied the motion under Federal Rule of Civil Procedure 6(b)(1)(B), finding that Defendants failed to show to excusable neglect. *See Vertigo Artography, LTD v. Champagne Cowgirl, LLC*, No. 3:24-cv-120-BN, 2024 WL 4668550 (N.D. Tex. Nov. 4, 2024) ("Excusable neglect is intended and has proven to be quite elastic in its application. But inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect. And, although the decision to grant relief under Rule 6(b)(1)(B) turns on the equities, where (1) such a motion is grounded solely on counsel's inadvertence, a reason solely within the control of the movant, and (2) the length of the delay is multiple months,

not a few days or even a week or two, the Court cannot find that the neglect is legally excusable." (cleaned up)).

Since that time, Defendants have failed to respond to the amended complaint or otherwise contest Vertigo's DMCA allegations through a responsive pleading.

Vertigo now moves for summary judgment on its copyright infringement and DMCA claims, relying in part on Defendants' failure to respond to the amended complaint. *See* Dkt. Nos. 44 & 56 (citing FED. R. CIV. P. 8(b)(6)).

Federal Rule of Civil Procedure 8(b)(6) "states that '[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.'" *Rockwall Indep. Sch. Dist. v. M.C.*, No. 3:12-cv-4429-B, 2014 WL 12642573, at *20 (N.D. Tex. Feb. 17, 2014) (quoting FED. R. CIV. P. 8(b)(6)).

"This Rule, like all of the Federal Rules of Civil Procedure, is to be construed and administered to secure the just, speedy, and inexpensive determination of every action," just as "pleadings themselves must be construed so as to do justice." *Id.* (cleaned up). *Id.* (cleaned up).

And, so, pleadings "are not to be treated as a game of skill in which one misstep by counsel may be decisive of the outcome." *Id.* (quoting *Trotter v. Jack Anderson Enters. Inc.*, 818 F.2d 431, 436 (5th Cir. 1987)).

Indeed, "[t]he only effect of failing to answer is that the allegations in the complaint (or counterclaim) are deemed admitted" – "[i]t does not automatically result in either an entry of default or a default judgment." *Campbell Harrison &*

*Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 203 (5th Cir. 2018) (per curiam) (footnotes omitted)).

But, where a motion for summary judgment may turn on counsel's failure to timely answer allegations, and the Court "deems the allegations in [a complaint] admitted under Rule 8, then the Court would essentially be converting [a] summary judgment into a default judgment" and, as a result, "would contravene the established policies … favoring resolution of cases on their merits." *Dailey v. Cordis Corp.*, No. 3:12-cv-518-O, 2013 WL 1245560, at *7 (N.D. Tex. Mar. 26, 2013) (cleaned up).

> Specifically, the United States Court of Appeals for the Fifth Circuit
>
> disfavors an "automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). Also, the Fifth Circuit explains that "absent a clear record of delay or contumacious conduct" a district court should "consider whether less severe sanctions would suffice." *Id.* "It does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed." *Hadra v. Herman Blum Consulting Eng'rs*, 74 F.R.D. 113, 114 (N.D. Tex. 1977).

*Id.*; *accord Turner v. Med. Case Mgmt. & Soc. Servs., Inc.*, No. 4:17-cv-836-BP, 2018 WL 5084884, at *3 (N.D. Tex. Oct. 18, 2018) ("[I]f the allegations made in Plaintiffs' FAC were deemed admitted under Rule 8(b), then the Court would essentially convert Plaintiffs' summary judgment motion into an entry for default judgment. Default judgments are generally disfavored and should not be granted simply because defendants failed to meet a procedural time requirement." (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); citation omitted)); *cf. Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam) ("Appellant has not made any showing of prejudice as a result of defendant's delays.

The court in its discretion decided that a default judgment, generally disfavored in the law, should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement. The court could have entered a default judgment but chose not to do so. We do not find an abuse of discretion.").

And, even if this authority was not in play, if "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense," for example, that movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

So, to succeed on its summary judgment motion, Vertigo must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). That is, Vertigo "must establish that there is no genuine dispute of material fact as to every element of its claim, so that the evidence is so overwhelming that [it] is entitled to judgment in his favor." *Turner v. Criswell*, No. 4:19-CV-226-ALM-CAN, 2020 WL 1901086, at *3 (E.D. Tex. Jan. 6, 2020) (cleaned up), *rec, adopted*, 2020 WL 613963 (E.D. Tex. Feb. 10, 2020).

"If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Evanston Ins. Co. v. Lapolla Indus., Inc.*, 93 F. Supp. 3d 606, 611 (S.D. Tex.) (cleaned up; quoting *Meecorp Cap. Markets LLC v. Tex-Wave Indus. LP*, 265 F. App'x 155, 158 (5th Cir. 2008) (per curiam) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994))), *aff'd*, 634 F.

App'x 439 (5th Cir. 2015) (per curiam).

And, on a plaintiff's motion seeking summary judgment in its favor on its own claims, the Court will "draw all reasonable inferences in favor of the non-moving party" – that is, in favor of the defendant. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

And, so, this "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007); *accord Wilson v. Dall. Indep. Sch. Dist.*, No. 3:18-cv-34-G-BN, 2020 WL 825819, at *7 (N.D. Tex. Jan. 17, 2020) ("[B]eyond peradventure" means "beyond doubt." (cleaned up)), *rec. adopted*, 2020 WL 821034 (N.D. Tex. Feb. 18, 2020).

But, on a plaintiff's motion on its own claim, "summary judgment is appropriate where the evidence would require a directed verdict." *Hernandez v. Trendy Collections, LLC*, No. 3:17-cv-2049-BN, 2018 WL 4103723, at *13 (N.D. Tex. Aug. 29, 2018) (cleaned up).

So, in sum, a plaintiff may prevail on its claim on its own motion where, drawing all inferences in the defendant's favor and viewing the summary judgment in the light most favorable to the defendant, the evidence is "so overwhelmingly in favor of [the plaintiff] that no reasonable jury could [arrive] at a verdict other than that [the plaintiff] proved" every essential element of its claim against the defendant. *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 550 (N.D. Tex. 2011), *aff'd*, 709 F.3d 515 (5th Cir. 2013).

After carefully evaluating the parties' briefing and evidence – and considering the heavy burden that the beyond peradventure (beyond doubt) standard imposes on Vertigo's attempt to obtain summary judgment on its claims – the Court elects not to deem the allegations in the amended complaint admitted under Rule 8 to the extent that the Court will not effectively convert Vertigo's summary judgment motion to one for default judgment at this point.

That is because the Court has determined that construing the Rules in such a manner would not do substantial justice where (1) Federal Rule of Civil Procedure 16(e) provides a means to clean up the pleadings in this case, *see Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998) ("It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial. The claims, issues, and evidence are narrowed by the pretrial order, thereby narrowing the trial to expedite the proceeding." (cleaned up)) and (2) Vertigo will not be unduly prejudiced by requiring that it participate in a bench trial on liability and damages, at which the Court will allow Vertigo to re-urge its Rule 8(b)(6) arguments, *cf. Denley v. Hartford Ins. Co. of Midwest*, Civ. A. No. 07-4015, 2008 WL 295192, at *8 (E.D. La. July 29, 2008) ("On motion, and subject to Rule 16(e), a court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. FED. R. CIV. P. 36(b). Notably, preparation of a summary judgment motion does not constitute prejudice under this test. *North La. Rehab. Ctr. Inc. v. United States*, 179

F. Supp. 2d 658, 663 (W.D. La. 2001).").

In short, under these circumstances, where a plaintiff's burden is beyond peradventure, the interests of justice are not furthered by leveraging a defense attorney's inadvertence to facilitate a win for the plaintiff on its claims at summary judgment.

So the Court denies the motion for summary judgment without prejudice to Vertigo re-urging its substance at the bench trial.

Similarly, the Court denies without prejudice the motion for sanctions. And Vertigo may also re-urge the substance of that motion at trial.

## II.    The Court denies Vertigo's motion for leave.

Through a motion for leave that does not cite or otherwise discuss the applicable rule (Federal Rule of Civil Procedure 43(a)), Vertigo requests that the Court allow its "owners/officers Nicholas Graham and Mohanad Alshuraideh," who "currently reside in Scotland," to appear at trial via videoconference, asserting that Vertigo's "testimony will be limited to damages issues" and that "it would be expensive and time-consuming for [Graham and Alshuraideh] to travel to [Dallas] to attend what is anticipated to be a short bench trial focused primarily (and perhaps exclusively) on damages." Dkt. No. 57; *see also* FED. R. CIV. P. 43(a) ("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

Defendants oppose Vertigo's request on grounds including that videoconference is insufficient for a full and fair trial and that the request is a matter of convenience, not necessity. *See generally* Dkt. No. 58.

And, on reply, Vertigo concedes that "[i]t is within the Court's sound discretion to allow or disallow Plaintiff's appearance by videoconference." Dkt. No. 59 at 3 (citation omitted); *see also Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2021 WL 6072565, at *2 (E.D. Tex. Dec. 23, 2021) ("The decision whether to allow remote testimony pursuant to Rule 43(a) lies within the district court's discretion. Indeed, Rule 43(a) is by its own terms permissive and not mandatory. Therefore, even if a party makes an adequate showing of good cause for the use of remote testimony, district courts are not required to permit it." (cleaned up)).

Even so, Vertigo argues, advances in technology may ameliorate the shortfalls traditionally attributed to remote testimony, and good cause under Rule 43(a) can be established based on the cost and inconvenience of international travel. *See generally* Dkt. No. 59.

First, to the extent that either Graham or Alshuraideh counts as Vertigo's corporate representative, there is not "an absolute requirement that a [litigant] in a civil case attend trial." *Wells v. Rushing*, 755 F.2d 376, 381 (5th Cir. 1985) (citing *GFI Computer Indus., Inc. v. Fry*, 476 F.2d 1, 5 (5th Cir. 1973) ("[T]he court had no power to force a civil defendant outside its subpoena jurisdiction to appear personally at the trial and there submit to examination, not to speak of remaining personally present throughout trial unless excused.")).

But, if either Graham or Alshuraideh intends to testify, Rule 43(a) is not satisfied by the inconvenience caused by compelling that they travel to Dallas to do so. Instead,

> [u]nder Rule 43(a), a party must show "good cause in compelling circumstances" and "appropriate safeguards" to provide testimony via live transmission from another location. The Rule 43(a) exception cannot be permitted to swallow the live-testimony rule. Inconvenience of the witness is not enough to satisfy the Rule 43 burden; neither are reasonably foreseeable circumstances. If a witness cannot be reached by a trial subpoena or is unavailable due to scheduling issues, depositions are preferred to testimony via contemporaneous transmission.

*Callier v. Jascott Invs., LLC*, No. 3:22-CV-00301-LS, 2025 WL 97846, at *1 (W.D. Tex. Jan. 14, 2025) (footnotes omitted).

Here, the Court finds that it was reasonably foreseeable to Vertigo that it may need trial testimony from either Graham or Alshuraideh and that the mere inconvenience associated with requiring live testimony from either is not enough to satisfy the Rule 43 burden, particularly where Vertigo has not outlined any specific appropriate safeguards. The Court therefore denies Vertigo's motion for leave.

## Conclusion

The Court DENIES Plaintiff Vertigo Artography, LTD's motion for sanctions for spoliation of evidence [Dkt. No. 34] and for summary judgment [Dkt. No. 43] WITHOUT PREJUDICE to the substance of the motions being re-urged at the bench trial, and it DENIES Vertigo's motion for leave to appear at trial via videoconference [Dkt. No. 57].

SO ORDERED.

DATED: April 15, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE